Filed 2/16/22  P. v. Brittain CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D078233 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD187149) |
| LANCE DENE BRITTAIN, | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed with directions.

Lynda A. Romero, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Robin Urbanski and Genevieve Herbert, Deputy Attorneys General, for Plaintiff and Respondent.


Lance Dene Brittain appeals an order denying a petition under Penal Code section 1170.95 to vacate his 2007 murder conviction.  Brittain claims the trial court erred by relying on the jury's robbery-murder special-

circumstance finding to deny relief at the prima facie review stage.  We agree
and therefore reverse the order and remand for further proceedings.

I.

BACKGROUND

A.    *The Underlying Murder Conviction*

The following quoted paragraphs are taken from our opinion affirming
the judgment of conviction against Brittain on appeal.

"1.    *The Abramovitz Murder*

"On July 13, 2004, Brittain and [Larry Ray] Phillips beat Stewart
Abramovitz to death in the office of A&R Motors at 7364 El Cajon Boulevard.
In the process of beating Abramovitz, Brittain and Phillips obtained the PIN
number for Abramovitz's ATM card.  Brittain then used the ATM card to
make repeated withdrawals from an ATM at the Sycuan Casino.

"An ATM camera took pictures of Brittain making the withdrawals,
and those pictures were later broadcast on a *Crime Stoppers* television
segment and on San Diego County Crime Stoppers Web site, leading to
Brittain's identification by members of the public.  DNA matching Brittain's
genetic profile and DNA consistent with Phillips's genetic profile were found
in a blood stain in Abramovitz's office.

"[¶] . . . [¶][1]

"3.    *Escape and Capture*

"In August 2004, after viewing the *Crime Stoppers* television segment,
Brittain decided to leave town.  Brittain stole a car from the parking lot of In
Cahoots bar in Mission Valley, and fled to Colorado with his fiancée, Kerlinda
Ramirez.  On August 26, 2004, Brittain was arrested in Commerce City,

---

[1]    The omitted portion described a separate incident that resulted in an
attempted murder conviction that is not at issue on this appeal.

2

Colorado, after a police officer stopped the couple in the stolen car. During the stop, Ramirez told the police officer about the car theft and related to him Brittain's statements indicating his complicity in the Abramovitz murder.

"On November 7, Phillips was stopped for a traffic violation and arrested in Norwood, Colorado. After being transported to a San Diego jail, Phillips told an inmate about the Abramovitz murder and [another crime]. While in jail, Brittain attempted to send a note to Phillips. The note stated: 'I will take our cases. I'll take a deal for life without. You call me as a witness and I'll get on the stand and say I did them.' " (*People v. Brittain* (Mar. 2, 2009, D050186) [nonpub. opn.].)

A jury found Brittain guilty of first degree murder (Pen. Code, § 187, subd. (a); subsequent undesignated section references are to this code) and robbery (§ 211) and found true a special-circumstance allegation he committed the murder during the robbery (§ 190.2, subd. (a)(17)(A)). On January 16, 2007, the trial court sentenced Brittain to prison for life without the possibility of parole on the murder conviction. (§ 190.2.)

B.    *The Section 1170.95 Proceeding*

Effective January 1, 2019, the Legislature changed the felony-murder rule "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) It did so by adding subdivision (e) to section 189: "A participant in the perpetration or attempted perpetration of [a specified felony] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual

killer in the commission of murder in the first degree.  [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)  The Legislature also added section 1170.95 to set out the procedure for providing relief to those convicted of felony murder who could not be convicted under new subdivision (e) of section 189.  (Stats. 2018, ch. 1015, § 4.)

On January 8, 2019, Brittain, proceeding in propria persona, filed a form petition for relief under section 1170.95.  He checked boxes stating an accusatory pleading had been filed that allowed prosecution under a theory of felony murder; he was convicted of first degree murder under the felony-murder rule; and because of the changes to section 189 that took effect on January 1, 2019, he could not now be convicted of first degree murder.  Brittain also checked boxes on the form petition stating he was not the actual killer, did not aid and abet the actual killer with intent to kill, and was not a major participant in the felony during which the victim was killed or did not act with reckless indifference to human life in the felony.  Brittain attached to the petition copies of the abstract of judgment and the accusatory pleading.

The People opposed the petition on the ground the jury's robbery-murder special-circumstance finding made Brittain ineligible for relief.  They attached to their opposition copies of the accusatory pleading, the jury's verdicts, the trial court's sentencing minutes, and this court's opinion on Brittain's appeal.

In reply, Brittain, represented by appointed counsel, argued he had stated a prima facie case for relief under section 1170.95 and the trial court therefore was required to issue an order to show cause and to hold an evidentiary hearing.

The People filed a supplemental brief that cited then-recent cases in support of their contention the jury's robbery-murder special-circumstance finding meant Brittain could be convicted of first degree murder even after the changes to section 189 and so was not entitled to resentencing.

The trial court held a hearing at which the parties submitted on their briefs. The court denied the section 1170.95 petition "because it appears that [Brittain] was an active participant in this homicide."

## II.

## DISCUSSION

The main issue in dispute on this appeal is whether the jury's robbery-murder special-circumstance finding makes Brittain ineligible for relief under section 1170.95 as a matter of law. Brittain contends it does not, because the finding was made before the issuance of decisions that narrowed the scope of the felony-murder special circumstance (*People v. Banks* (2015) 61 Cal.4th 788 (*Banks*); *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*))[2], and

---

2    The Supreme Court of California in *Banks* considered the circumstances under which an accomplice who lacks intent to kill is a "major participant" (§ 190.2, subd. (d)) in the felony during which the death occurred. The court identified the following as relevant considerations: "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime, weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Banks*, *supra*, 61 Cal.4th at p. 803, fn. omitted.) "No one of these considerations is necessary, nor is any one of them necessarily sufficient. All may be weighed in determining the ultimate question, whether the defendant's participation 'in criminal activities known to carry a grave risk of death' [citation] was sufficiently significant to be considered 'major' [citations]." (*Ibid.*)

the record presented to the trial court did not allow it to determine whether the finding satisfies the requirements of those decisions. Brittain also contends he is not required to attack the special-circumstance finding by petition for writ of habeas corpus (§ 1473) before seeking relief under section 1170.95. The People counter that section 1170.95 does not authorize resentencing a defendant convicted of murder with a felony-murder special-circumstance finding, because such a defendant could be convicted of felony murder even after the changes to section 189 that took effect on January 1, 2019. They argue any challenge under *Banks* and *Clark* to the sufficiency of the evidence to support a felony-murder special-circumstance finding must be made by a petition for a writ of habeas corpus. The People also contend the record of conviction shows the jury's finding against Brittain satisfies the requirements of *Banks* and *Clark*. We agree with Brittain.

As the parties acknowledge in their briefs, the Courts of Appeal have reached different conclusions on whether a felony-murder special-circumstance finding made before *Banks* and *Clark* categorically precludes relief under section 1170.95 unless and until the petitioner mounts a successful collateral attack on the finding in a habeas corpus proceeding. (See, e.g., *People v. Gomez* (2020) 52 Cal.App.5th 1, 17, review granted Oct. 14, 2020, S264033 [prior collateral attack required]; *People v. York* (2020) 54

---

The Supreme Court in *Clark* identified the following as considerations relevant to determining whether an accomplice who is not the actual killer acted with "reckless indifference to human life" (§ 190.2, subd. (d)) in the felony during which the death occurred: (1) knowledge of weapons and number and use of weapons; (2) presence at the crime scene and opportunity to restrain the crime or to aid the victim; (3) duration of the felony; (4) knowledge of an accomplice's likelihood to kill; and (5) efforts to minimize violence during the felony. (*Clark, supra*, 63 Cal.4th at pp. 618-623.) " '[N]o one of these considerations is necessary, nor is any one of them necessarily sufficient.' " (*Id.* at p. 618.)

Cal.App.5th 250, 260, review granted Nov. 18, 2020, S264954 [no prior collateral attack required].) Our Supreme Court has granted review to decide the issue. (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606.) Until the Supreme Court does so, we shall adhere to the opinions of this court that have held a felony-murder special-circumstance finding that predates *Banks* and *Clark* does not categorically preclude relief under section 1170.95 without a prior successful collateral attack on the finding. (See, e.g., *People v. Wilson* (2021) 69 Cal.App.5th 665, 676-685, review granted Dec. 22, 2021, S271604 (*Wilson*); *People v. Arias* (2021) 66 Cal.App.5th 987, 1000-1004, review granted Sept. 29, 2021, S270555 (*Arias*).)

Our conclusion the robbery-murder special-circumstance finding does not bar relief as a matter of law does not necessarily require us to reverse the order denying Brittain's section 1170.95 petition and to direct the trial court to issue an order to show cause. We could affirm the order if the record of conviction showed the evidence presented at Brittain's trial was sufficient to support the finding under *Banks* and *Clark*. (*Wilson, supra*, 69 Cal.App.5th at p. 686, review granted; *Arias, supra*, 66 Cal.App.5th at p. 1004, review granted.) We cannot make that determination on the limited record the parties have supplied, however, because we do not have transcripts of the trial testimony or any of the documents or other evidence introduced at trial. The only facts we have about the robbery and murder are those stated in the opinion on appeal, which are limited because of the claims of error that were raised. The opinion did not discuss in detail each appellant's involvement in the robbery and murder, did not address the sufficiency of the evidence to support the convictions, and did not even mention the robbery-murder special-circumstance finding. Thus, it is appropriate to reverse the order

7

denying the section 1170.95 petition and to remand the matter to the trial court to determine whether, based on the evidence at trial and other parts of the record of conviction, the evidence is sufficient under *Banks* and *Clark* to support the jury's finding.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970-972 [trial court may consider record of conviction to determine whether petitioner stated prima facie case for section 1170.95 relief]; *Wilson*, at p. 686 [reversing and remanding for further proceedings]; *Arias*, at p. 1006 [same]; see fn. 2, *ante* [listing *Banks* and *Clark* factors].)  If the evidence is sufficient, the court must deny the petition; if it is not, the court must issue an order to show cause and hold an evidentiary hearing.  (§ 1170.95, subds. (c), (d)(3); *Wilson*, at p. 686; *Arias*, at p. 1006.)

## III.

## DISPOSITION

The order denying the section 1170.95 petition is reversed.  The matter is remanded to the trial court to resume proceedings at the section 1170.95, subdivision (c) stage to determine, based on the full record of conviction, whether Brittain has made a prima facie showing of entitlement to relief.


IRION, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.

8